United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Janet Hill, Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-21621-Civ-Scola |
| | ) | |
| Bank of New York Mellon, *and others*, Defendants | ) | |
| | ) | |

**Order Granting Motion to Dismiss Plaintiff's Complaint**

After an arduous reading of her pro se Complaint, it appears Janet Hill is suing the Bank of New York Mellon (BONY) and Bayview Loan Services for breach of contract, wrongful foreclosure, violations of the Fair Debt Collection Practices Act, and violations of various Georgia statutes. (*See* Compl., ECF No. 1.) Each of these claims seemingly stems from Hill's objection to the assignment and securitization of her Note and Mortgage and attempts to foreclose on her property located in Georgia.

## 1. Background.

This case is one of many in Hill's landslide of litigation. But when the dust settles, it is clear that this case presents nothing new; Hill is raising similar causes of action against defendants she has already sued. In each of her seven (that the Court knows of) prior lawsuits, Hill raised similar claims and sought similar relief to what she seeks here—namely, to challenge the assignment of her mortgage and thwart foreclosure of her property. But because the issues presented here have been—or could have been—adjudicated elsewhere, this Court is barred from hearing this matter by the doctrine of res judicata. To illustrate the parties' history, the Court outlines Hill's litigious past:

### A. Lawsuit #1: *Janet Hill v. Bank of America, Inc.*

On July 29, 2011, Hill sued Bank of America in the Superior Court of Fulton County, Georgia, seeking monetary damages and asserting claims for breach of contract and deceptive trade practices related to her loan. (*See* Mot. to Dismiss, ECF No. 14, Ex. A.) Her case was removed to the United States District Court for the Northern District of Georgia, which granted Bank of America's motion to dismiss and dismissed Hill's complaint with prejudice. (*See* Mot. to Dismiss, ECF No. 14, Ex. B.) Hill appealed the dismissal, but it was

affirmed by the Eleventh Circuit Court of Appeals. (*See* Mot. to Dismiss, ECF No. 14, Ex. C.)

**B. Lawsuit #2: *Janet Hill v. The Bank of New York Mellon, and others.***

On July 30, 2012, Hill filed her second lawsuit in the Superior Court of Fulton County, Georgia against BONY; Alternative Loan Trust 2005-58; Mortgage Electronic Registration Systems, Inc. ("MERS"); Mortgage Pass-Through Certificates, Series 2005-58; BAC Home Loans Servicing; Countrywide Home Loans Servicing LP; Countrywide Home Loans, Inc.; and all persons claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to Plaintiff's title thereto. (*See* Mot. to Dismiss, ECF No. 14, Ex. D.)

Hill's claims seemingly stemmed from her objection to the assignment of her mortgage. "The Assignment by MERS was improper because MERS never had a beneficial interest in the Subject Property and was merely a 'nominee' under the Deed of Trust. Therefore the Assignment was invalid and void[,]" Hill alleged. (*Id*. at ¶ 22.) Arising from the allegedly invalid Assignment, she brought claims for fraud; breach of contract; to void, cancel or set aside trustee's sale/deeds upon sale; wrongful foreclosure; breach of the implied covenant of good faith and fair dealing; unjust enrichment; violations of Georgia Fair Business Practices Act ("GFBPA"); quiet title; and slander of title—all related to the same loan at issue in her present Complaint. (*See id*.) Hill sought a declaration that the foreclosure on her property was wrongful and asked the court to vacate or cancel the foreclosure sale. *Id.* She also sought compensatory, special, general, and punitive damages as well as an order enjoining all Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them from committing any acts of unfair competition in violation of Georgia's Fair Business Practices Act.

Like her first case, this action was removed to the United States District Court for the Northern District of Georgia. After removal, Hill voluntarily dismissed the case on June 12, 2013. (*See* Mot. to Dismiss, ECF No. 14, Ex. E.)

**C. Lawsuit #3: *Janet Hill v. American Wholesale Lender, BONY, and others.***

Hill filed her third lawsuit on March 1, 2013, in the Superior Court of Fulton County, Georgia, against American Wholesale Lender (AWL), MERS, and BONY, asserting claims for declaratory and injunctive relief. (*See* Mot. to Dismiss, ECF No. 14, Ex. F.) Again, she took issue with MERS's assignment of her mortgage. (*See id*. at ¶ 14) ("MERS transfer to BONY failed to transfer any

interest in the subject property as 'one cannot transfer or convey an interest in real property greater than [he/she] has.'") And again, she sought to enjoin the defendants from completing a foreclosure sale and sought a judgment declaring her the sole owner of her property. (*See* Mot. to Dismiss, ECF No. 14, Ex. F.) Like each case before, this matter was removed to the United States District Court for the Northern District of Georgia. On February 13, 2014, Hill again voluntarily dismissed her case. (*See* Mot. to Dismiss, ECF No. 14, Ex. G.)

### D. Lawsuit #4: *Janet Hill v. AWL, BONY, MERS, Bayview and Shuping, Morse & Ross, LLP.*

On February 24, 2014, Hill filed a fourth lawsuit. This case was filed in the Superior Court of Fulton County, Georgia, against AWL; BONY; MERS; Shuping, Morse and Ross, LLP ("Shuping"); and, for the first time, Bayview Loan Services. In her fourth action, Hill again challenged the transfer of her mortgage, (*see* Mot. to Dismiss, ECF No. 14, Ex. H, at ¶ 15) ("MERS transfer to BONY failed to transfer any interest in the subject property[.]"), and asserted claims for wrongful foreclosure; breach of contract; breach of duty of good faith and fair dealing; invasion of privacy; trespass; violations of Georgia's RICO statute; intentional infliction of emotional distress; negligent infliction of emotional distress; breach of fiduciary duty-principal/agent; breach of legal duty under GA Code Ann. Statute § 51-1-6; interference with business or contractual relations; and libel. (*See* Mot. to Dismiss, ECF No. 14, Ex. H.)

On June 4, 2014, the court granted the defendants' motion to dismiss on the basis of res judicata and/or collateral estoppel, finding that Hill's claims were "previously adjudicated and/or put in issue in the prior actions, or could have been." (Mot. to Dismiss, ECF No. 14, Ex. I.) Hill appealed the dismissal to the Georgia Court of Appeals, but that court dismissed her appeal because she never filed an initial brief. (*See* Mot. to Dismiss, ECF No. 14, Ex. J.)

### E. Lawsuit #5: *Janet Hill v. BONY, Bayview, and others.*

Shortly after filing her fourth lawsuit and while that action was still pending, Hill filed a fifth action in the United States District Court for the Northern District of Georgia against AWL; BONY; MERS; Shuping; and Bayview. Again she alleged that "Defendant [MERS] did not hold beneficiary interest in the promissory note and therefore did not have any authority to transfer it to Defendant 'BONY'[,]" (Mot. to Dismiss, ECF No. 14, Ex, K, at ¶ 2), and raised claims for improper foreclosure, injunctive relief, and punitive damages. (*See* Mot. to Dismiss, ECF No. 14, Ex. K.) There, Hill sought an emergency temporary restraining order and an injunction against the defendants preventing them from collecting, foreclosing, or attempting to

collect any mortgage payments, interest, late fees, restricting, or modifying the mortgage contract. *Id.* And, once again, Hill sought an order vacating and setting aside the defendants' foreclosure sale. *Id.* Approximately one month after filing her fifth action, Hill again voluntarily dismissed her case. (*See* Mot. to Dismiss, ECF No.14, Ex. L.)

### F. Lawsuit #6: *Janet Hill v. BONY, Bayview, and others.*

While her fourth action was pending, and a month after dismissing her fifth action, Hill filed her sixth lawsuit in the United States District Court for the Northern District of Georgia. (*See* Mot. to Dismiss, ECF No. 14, Ex. M.) There, she sued BONY; several individual officers of BONY; AWL; the president of AWL; MERS; an assistant secretary of MERS; Shuping; several individual attorneys from Shuping; Bayview; Bank of America; Bankers Specialty Insurance Company; Bankers Life Insurance Company; the Fulton County Clerk of Court; and the Georgia Secretary of State. (*See id.*) Like so many times before, Hill objected to the transfer of her loan documents. (*See id.* at ¶ 31) ("There is no evidence that America's Wholesale Lender endorsed the Note to anyone or that the Mortgage was properly assigned to the now purported holder-in-due-course the Bank of New York Mellon.").

Based on the same theory she raised many times before—that transfer of her loan was invalid—she raised claims for quiet title, declaratory, and injunctive relief. (*See* Mot. to Dismiss, ECF No. 14, Ex. M.) Hill asked the Court to "declare that each and every one of the Defendants should be disqualified from enforcing her note and security deed and to order Defendants to summon the true owners consisting of holders of mortgage backed securities owning at least a majority interest in her Note and Security Deed." *Id.*

On August 6, 2014, the district court granted the defendants' motion to dismiss. (*See* Mot. to Dismiss, ECF No. 14, Ex. N.) Like the earlier Georgia state court decision, the district court's ruling was based on the doctrine of res judicata. *Id.* Hill appealed to the Eleventh Circuit, but it dismissed her appeal because she failed to correct deficiencies in her brief and failed to file an appendix. (*See* Mot. to Dismiss, ECF No. 14, Ex. O.)

### G. Lawsuit #7: *Janet Hill v. Bayview.*

On April 24, 2015, Hill filed her seventh lawsuit. This action was against Bayview only and raised claims for illegal conversion, attempted wrongful foreclosure (tort), attempted wrongful foreclosure (statutory compliance), unfair and/or deceptive business practices, unjust enrichment, and unconscionability. (*See* Mot. to Dismiss, ECF No. 14, Ex. P.) Hill again alleged that MERS "conveyed a fraudulent security interest on Plaintiff's Home[,]" (*Id.*

at ¶ 8), and sought a declaration that Bayview is not entitled to the self-help remedy of non-judicial foreclosure of her Property. (*See* Mot. to Dismiss, ECF No. 14, Ex. P.) Like the cases before, she sought an injunction stopping the foreclosure of her property and compensatory damages. *Id.* True to form, Hill voluntarily dismissed her seventh action on June 22, 2015. (*See* Opp. to Mot. to Dismiss, ECF No. 19, Ex. 1.)

**H. Lawsuit #8 (the present action): *Janet Hill v. BONY and Bayview.***

A mere five days after filing her seventh lawsuit, Hill filed the present action against BONY and Bayview, again asserting claims for wrongful foreclosure; breach of contract; violations of various Georgia statutes; and violations of the Fair Debt Collection Practices Act (FDCPA). (*See* Compl., ECF No. 1.) Once more, Hill seeks a declaration that any foreclosure attempt or deeds made during a non-judicial proceeding are improper, unfair and void. *Id.* And like each case before, she takes issue with transfer of her mortgage and Defendants' ability to enforce it. (*See* Compl., 4 n.1) ("Wherefore, under such terms, if the mortgage of the trust was conveyed to it by AWL, then any conveyance should be subject to adverse legal title claims if the mortgage contract is found to have originated without lending preconditions or if found that the instrument was void, ab initio.").

**I. Summary of Past Litigation.**

To summarize, Hill has filed at least eight cases that all seem to stem from her objections to the assignment and transfer of her note and mortgage and seek to halt foreclosure proceedings against her. (*See* Mot. to Dismiss, ECF No, 14, Ex. A, Ex. D, Ex. F, Ex. H, Ex. K, Ex. M, Ex. P.) Defendants here, Bayview and BONY, have been parties to five and six of Hill's lawsuits respectively. Each of these prior cases was either dismissed by the court in which it was heard or dismissed voluntarily by Hill.

**2. Legal Standard.**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demanded more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed." *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008).

**3. Discussion.**

Hill's lawsuit presents nothing new. Under the doctrine of res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action. *See In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). Res judicata may be properly applied only if certain prerequisites are met. "In the Eleventh Circuit, a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Id.* (citation omitted). These elements are easily met here.

There is no dispute that each of Hill's prior lawsuits was filed in a court of competent jurisdiction. Various Georgia state courts, United States District Courts, and the Eleventh Circuit Court of Appeals have all ruled upon Hill's prior lawsuits. And these prior adjudications have been on the merits. Indeed, the Superior Court of Fulton County, Georgia, previously dismissed one of Hill's actions, against BONY, Bayview, and other defendants, on res judicata grounds. (*See* Mot. to Dismiss, ECF No. 14, Ex. I) ("Plaintiff's claims . . . were either previously adjudicated and/or put in issue in the prior actions, or could

have been[.]"). And under Georgia law, applicable to Hill's state law claims, the granting of a Motion to Dismiss functions as an adjudication on the merits of the dismissed claims. *See Johnson v. Bank of Am., N.A.*, 594 F. App'x 953, 956 (11th Cir. 2014) *cert. denied*, 135 S. Ct. 2895 (2015) ("Any other dismissal, other than a dismissal for lack of jurisdiction, or for improper venue, or for lack of an indispensable party, operates as an adjudication upon the merits unless the court in its dismissal order specifies otherwise.") (*citing Roth v. Gulf Atl. Media of Ga., Inc.*, 536 S.E.2d 577 (Ga. Ct. App. 2000)).

What's more, Hill's recurrent voluntary dismissals act as adjudications on the merits too. The Federal Rules of Civil Procedure state that if a "plaintiff previously dismissed any federal or state court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Hill previously dismissed three cases against BONY. (*See* Mot. to Dismiss, ECF No. 14, Ex. E, Ex. G, Ex. L.) Hill's second and third dismissals operated as adjudications on the merits. *See* Fed. R. Civ. P. 41(a)(1)(B). Likewise, she already dismissed two prior actions against Bayview, (*see id.*, Ex. L; *see also* Opp. to Mot. to Dismiss, ECF No. 19, Ex. 1), and her second dismissal against Bayview also operated as an adjudication on the merits. *See id.*

Finally, for res judicata to apply, Hill's current case must involve the same causes of action as her previously ruled upon or dismissed cases. *See In re Piper Aircraft Corp.*, 244 F.3d at 1296. This requirement is more than a mere identical titling of causes of action. If a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, the two cases are really the same cause of action for purposes of res judicata. *See Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1293 (11th Cir. 2010).

It is clear that each of Hill's claims stems from the same nucleus of operative facts. The focus of her claims revolve around purported deficiencies in the assignment of her loan documents and each of her lawsuits seeks to invalidate her mortgage. Though Hill claims that her present lawsuit "arises out of recent legal notices tendered by the Defendants[,]" she still seeks to challenge the assignment of her mortgage and BONY's or Bayview's standing to enforce her loan. (*See* Compl., 27) ("Plaintiff seeks to have her title to remove the 'cloud of AWL's instruments.'"). Any and all claims relating to the standing of these Defendants to enforce Hill's Note and Mortgage were—or could have been—brought in Hill's previous lawsuits.

For edification purposes, and perhaps to dissuade a continuing onslaught of litigation, the Court notes that Hill lacks standing to challenge the assignment of her note or mortgage—or bring any causes of action arising therefrom—because she was not a party to those assignments. *See Rhodes v.*

*JPMorgan Chase Bank, N.A.*, No. 12-90368-Civ, 2012 WL 5411062, *4 (S.D. Fla. Nov. 6, 2012) (Marra, J.). Moreover, to the extent that Hill objects to her loan servicer's standing to enforce her loan, "the Eleventh Circuit has held that a loan servicer is a 'real party with interest in the standing to conduct . . . the legal affairs of the investor related to the debt it services." *Id.* (*citing Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002)).

**4. Conclusion.**

Though she may re-name her causes of action and add or delete defendants, it is clear that each of Hill's prior cases stems from the assignment of her note and mortgage and Defendants' subsequent attempts to collect and foreclose on her property. Hill had ample opportunity to raise any and all of her claims challenging the enforceability of her loan in her previous actions. This Court is thus precluded by the doctrine of res judicata from hearing Hill's current case.

Accordingly, the Court **grants** Defendants' Motion to Dismiss. (ECF No. 14.) The Clerk is directed to **close** this case.

**Done and ordered** in chambers, at Miami, Florida, on August 31, 2015.

Robert N. Scola Jr.
United States District Judge